1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RABI YOUSSOFI,<br><br>                                    Plaintiff,<br><br>   v.<br><br>ALLIED INTERSTATE LLC,<br><br>                                    Defendant. | CASE NO. 15CV2197-GPC(JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Dkt. No. 5.] |

Before the Court is Plaintiff's motion to strike Defendant's affirmative defenses. (Dkt. No. 5.)  An opposition was filed on November 20, 2015.  (Dkt. No. 10.)  A reply was filed on November 23, 2015.  (Dkt. No. 11.)  After a review of the briefs, the answer, and the applicable law, the Court GRANTS Plaintiff's motion to strike Defendant's affirmative defenses.

**Background**

Plaintiff Rabi Youssofi ("Plaintiff") filed a putative class action complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on a violation of 15 U.S.C. § 1692e(11)[1], and California's Rosenthal Fair Debt Collection

[1]"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in

1   Practices Act ("Rosenthal Act").  (Dkt. No. 1.)  Defendant Allied Interstate LLC

2   ("Defendant") filed an answer along with its affirmative defenses of standing, due

3   process, due process, bona fide error, and preemption.  (Dkt. No. 4.)

**Discussion**

4

5   **A.     Legal Standard**

6          Under Federal Rule of Civil Procedure ("Rule")12(f), the Court may, by motion

7   or on its own initiative, strike "an insufficient defense or any redundant, immaterial,

8   impertinent or scandalous" matter from the pleadings.  Fed. R. Civ. P. 12(f).  The

9   purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise

10  from litigating spurious issues by disposing of those issues prior to trial."

11  Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting

12  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds

13  by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)).  The Court begins its analysis by

14  determining whether the affirmative defenses are "(1) an insufficient defense; (2)

15  redundant;  (3) immaterial; (4) impertinent; or (5) scandalous."  See id. at 973-74.

16         The Court must view the pleading in the light more favorable to the pleader

17  when ruling upon a motion to strike. In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp.

18  2d 955, 965 (C.D. Cal. 2000) (citing California v. United States, 512 F. Supp. 36, 39

19  (N.D. Cal. 1981)).  Motions to strike are regarded with disfavor because striking is

20  such a drastic remedy.  Freeman v. ABC Legal Servs., Inc., 877 F. Supp. 2d 919, 923

21  (N.D. Cal. 2012).  If a claim is stricken, leave to amend should be freely given when

22  doing so would not cause prejudice to the opposing party. Vogel v. Huntington Oaks

23  Delaware Partners, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing Wyshak v. City

24  Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

25         In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an

26

27  ───────────────

28  subsequent communications that the communication is from a debt collector, except
    that this paragraph shall not apply to a formal pleading made in connection with a legal
    action.  15 U.S.C. § 1692e(11).

[15CV2197-GPC(JLB

affirmative defense is whether it gives plaintiff fair notice of the defense."[2]  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Roe v. City of San Diego, 289 F.R.D. 604, 608 (S.D. Cal. 2013).  "It does not, however, require a detailed statement of facts."  Id.

### 1.     First Affirmative Defense - Standing

Plaintiff argues that under Ninth Circuit law, a plaintiff only needs to show a violation of a statutory right to establish Article III standing and the affirmative defense of standing fails as a matter of law.  Defendant argues that the issue of whether a plaintiff can establish standing based on a bare violation of a federal statute is currently before the United States Supreme Court.  Since it needs to preserve the defense, Defendant argues that the Court should not strike its standing defense.

The first affirmative defense alleges that "Plaintiff has not alleged that he suffered any actual harm, therefore, he lacks standing to bring this suit under Article III of the United States Constitution."  (Dkt. No. 4, Ans. at 5.)

In the Ninth Circuit, the Article III "injury in fact" requirement can be met by a violation of a statute. Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010); see also Robins v. Spokeo, Inc., 742 F.3d 409, 413 (2014). Currently before the United States Supreme Court is the issue of whether a plaintiff can establish Article III standing by alleging a violation of a statutory right. Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015).  Since the United States Supreme Court has not yet ruled on the standing issue in Spokeo, Inc., Edwards is currently good law and binding authority on this

---

[2] The Ninth Circuit has not yet decided whether the pleading standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) apply to affirmative defenses.  District courts within the Ninth Circuit are split on the issue.  See J & J Sports Productions, Inc. v. Scace, No. 10cv2496–WQH–CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011). Plaintiff acknowledges the split, notes that the courts in the Southern District of California apply the "fair notice" standard, and applies the "fair notice" standard in his analysis. (Dkt. No. 5-1 at 7-8.)

[15CV2197-GPC(JLB

1   Court.  Therefore, the Court GRANTS Plaintiff's motion to strike the affirmative

2   defense of standing.  If the Supreme Court rules on <u>Spokeo, Inc.</u> during the pendency

3   of this case, and reverses the Ninth Circuit's ruling on "injury in fact" as to standing,

4   Defendant may request leave to file an amended answer to add the affirmative defense

5   of standing.

6           **2.      Second, Third and Fifth Affirmative Defenses - "Due Process" "Due**

7                  **Process" and "Preemption"**

8           The second and third affirmative defenses of "due process" and the fifth

9   affirmative defense of "preemption" concern the statutory damages available under the

10  FDCPA and California's Rosenthal Act.

11          Plaintiff argues that these affirmative defenses fail as a matter of law and cites

12  to the holding in <u>Gonzales v. Arrow Fin. Servs., LLC</u>, 660 F.3d 1055 (9th Cir. 2011).

13  Defendant opposes contending that allowing Plaintiff to recover statutory damages

14  under the FDCPA and Rosenthal Act is duplicative and may lead to exceeding the

15  FDCPA statutory damages cap.  It also argues that a duplicative statutory award would

16  be grossly out of proportion to any harm allegedly suffered by the failure to include a

17  single sentence in a limited number of debt collection letters sent out for a limited

18  amount of time.  Lastly, Defendant argues that the FDCPA's statutory cap on class

19  action damages preempts the damages provisions in the Rosenthal Act.  In support,

20  Defendant cites to the dissenting opinion in <u>Gonzales</u>.

21          The second affirmative defense states that "the penalties sought by Plaintiff

22  under different statutes violates Allied's right to due process under the Fourteenth

23  Amendment to the United States Constitution because they are duplicative." (Dkt. No.

24  4, Ans. at 5.)  The third affirmative defense provides that "the penalties sought by

25  Plaintiff violate Allied's right to due process under the Fourteenth Amendment to the

26  United States Constitution because the penalties bear no relation to any harm allegedly

27  suffered." (<u>Id.</u> at 5.)  The fifth affirmative defense asserts that "Plaintiff's attempt to

28  recover statutory penalties under state law is preempted by the cap on class action

1  damages imposed under federal law.  (Id. at 6.)

2       In class action suits, statutory damages under the FDCPA are limited to the lesser

3  of $500,000 or 1% of the debt collector's net worth.  15 U.S.C. § 1692k(a)(2)(B).  In

4  Gonzales, the Ninth Circuit held that a consumer may seek cumulative damages under

5  both the FDCPA and the Rosenthal Act as long as the damages does not exceed the

6  FDCPA statutory cap.  Gonzales, 660 F.3d at 1067-68.  In this case, Plaintiff agrees

7  that any damages over the FDCPA statutory cap is not allowed.  Moreover, the Ninth

8  Circuit held that the Rosenthal Act is not preempted by the FDCPA.  Id. at 1067.

9       Based on the holding in Gonzales, the affirmative defenses of "due process",

10  "due process", and "preemption" fail as a matter of law.  Accordingly, the Court

11  GRANTS Plaintiff's motion to strike the second, third and fifth affirmative defenses.

12       **3.      Fourth Affirmative Defense - Bona Fide Error**

13       Plaintiff argues that the affirmative defense of "bona fide error" must be stricken

14  because it fails to plead the circumstances of the mistake with detail.  In opposition,

15  Defendant argues that it explicitly told Plaintiff about the facts surrounding

16  Defendant's error.

17       "The bona fide error defense is an affirmative defense, for which the debt

18  collector has the burden of proof."  Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002,

19  1006 (9th Cir. 2008) (citing Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1514 (9th

20  Cir. 1994)).  The FDCPA provides an exception to liability "if the debt collector shows

21  by a preponderance of evidence that the violation was not intentional and resulted from

22  a bona fide error notwithstanding the maintenance of procedures reasonably adapted

23  to avoid any such error."  15 U.S.C. § 1692k(c).  District courts have held that the

24  affirmative defense of bona fide error must be stated with particularity under Rule 9(b).

25  See Walters v. Performant Recovery, Inc., –F. Supp. 3d –, 2015 WL 4999796, at *4 (D.

26  Conn. Aug. 21, 2015) (bona fide error defense "is subject to a heightened pleading

27  standard, regardless of whether Iqbal or Twombly generally apply to affirmative

28  defenses"); Nguyen v. HOVG, LLC, No. 14CV837 BTM RBB, 2014 WL 5361935, at

[15CV2197-GPC(JLB

1   *2 (S.D. Cal. Oct. 20, 2014) (granting Plaintiff's motion to strike affirmative defense

2   of "bona fide error" since Defendant did not state any facts regarding the mistake that

3   was made and mistake must be stated with particularity); Jacobson v. Persolve, LLC,

4   14cv735-LHK, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014) (citing merely to

5   legal standard for bona fide error is not sufficient to assert affirmative defense); Wiebe

6   v. Zakheim & Lavrar, P.A., No. 6:12-cv-1200-ORL-18TBS, 2012 WL 5382181, at *2

7   (M.D. Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount to a claim of

8   mistake and therefore, the Defendant must plead this defense with the particularity

9   required by Rule 9(b)."); Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532,

10  537 (D. Md. July 27, 2010) (striking "bona fide error" defense of merely copying

11  language of § 1692k(c) and failing to plead facts that give the plaintiff sufficient notice

12  of the specific mistake); Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd., No. 07-

13  C-5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008) (finding defendant

14  "obligated to comply with both Fed. R. Civ. P. 8 and 9(b)" when asserting bona fide

15  error defense under the FDCPA).

16      Here, Defendant alleges that "Plaintiff's claims are barred on the basis that any

17  statutory violation was the unintentional result of a bona fide error." (Dkt. No. 4, Ans.

18  at 6.)  This conclusory affirmative defense provides no facts to support the allegation

19  of "mistake."  Accordingly, the Court GRANTS Plaintiff's motion to strike the fourth

20  affirmative defense of "bona fide error" with leave to amend.

## Conclusion

22      Based on the above, the Court GRANTS Plaintiff's motion to strike affirmative

23  defenses.  Defendant is granted leave to file an amended answer to cure the deficiencies

24  as to the affirmative defense of "bona fide error."  Defendant shall file an amended

25  / / / /

26  / / / /

27  / / / /

28  / / / /

[15CV2197-GPC(JLB

1  answer on or before **January 29, 2016.**  The hearing set for January 8, 2016 shall be

2  **vacated.**

3       IT IS SO ORDERED.

4  DATED:  January 4, 2016

5

6  HON. GONZALO P. CURIEL
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[15CV2197-GPC(JLB