Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
greg.korman@kattenlaw.com
Courtnee A. Draper (CA 298921)
courtnee.draper@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471
Attorneys for Defendant Allied Interstate, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rabi Youssofi,<br><br>            Plaintiff,<br><br>     v.<br><br>Allied Interstate, LLC,<br><br>            Defendant | Case No.: 15-cv-2197-GPC-JLB<br><br>**DEFENDANT ALLIED INTERSTATE, LLC'S AMENDED ANSWER TO COMPLAINT** |

# ANSWER

Defendant Allied Interstate, LLC ("Allied"), hereby amends its answer to the complaint filed by Plaintiff Rabi Youssofi as follows:

## ANSWER TO INTRODUCTORY ALLEGATIONS

1. In answering this paragraph, Allied admits Plaintiff purports to assert claims on behalf of a putative class and attempts to allege claims under the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Except as expressly admitted, Allied denies the remaining allegations in paragraph 1.

2. In answering this paragraph, Allied lacks sufficient information to admit or deny and on that basis denies.

3. In answering this paragraph, Allied lacks sufficient information to admit or deny and on that basis denies.

4. In answering this paragraph, Allied denies.

5. In answering this paragraph, Allied denies.

6. In answering this paragraph, Allied denies.

## PARTIES

7. In answering this paragraph, Allied lacks sufficient information to admit or deny and on that basis denies.

8. In answering this paragraph, Allied alleges that this paragraph contains legal conclusions to which no factual response is required. To the extent a response is required, Allied denies.

9. In answering this paragraph, Allied admits.

10. In answering this paragraph, Allied admits that in certain circumstances it is considered a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6). Except as expressly admitted, Allied denies the remaining allegations in paragraph 10.

11. In answering this paragraph, Allied admits that in certain circumstances it is considered a "debt collector," as that term is defined by California Civil Code § 1788.2(c). Except as expressly admitted, Allied denies the remaining allegations in paragraph 11.

12. In answering this paragraph, Allied admits it has attempted to collect a debt. Except as expressly admitted, Allied denies the remaining allegations in paragraph 12.

13. In answering this paragraph, Allied denies.

### ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

14. In answering this paragraph, Allied admits this Court has subject matter jurisdiction.

15. In answering this paragraph, Allied admits personal jurisdiction.

16. In answering this paragraph, Allied admits that venue is proper in this Court.

### ANSWER TO ALLEGATIONS REGARDING RELEVANT FACTS

17. In answering this paragraph, Allied admits that it sent a letter to Plaintiff dated August 10, 2015. Allied further admits a copy of the letter is attached to the complaint. Except as expressly admitted, Allied denies the remaining allegations in paragraph 17.

18. In answering this paragraph, Allied lacks sufficient information to admit or deny and denies on that basis.

19. In answering this paragraph, Allied admits it failed to state in its August 10, 2015 letter that Allied was "attempting to collect a debt and that any information obtained will be used for that purpose." Except as expressly admitted, Allied denies the remaining allegations in paragraph 19.

### ANSWER TO CLASS ALLEGATIONS

20. In answering this paragraph, Allied admits Plaintiff purports to assert claims on behalf of himself and a putative class.

1    21.   In answering this paragraph, Allied denies.

2    22.   In answering this paragraph, Allied denies.

3    23.   In answering this paragraph, Plaintiff purports to define classes
4  alleged in the complaint. Therefore, no response is required.

5    24.   In answering this paragraph, Allied denies.

6    25.   In answering this paragraph, Allied denies.

7    26.   In answering this paragraph, Allied denies.

8    27.   In answering this paragraph, Allied denies.

9    28.   In answering this paragraph, Allied denies.

10   29.   In answering this paragraph, Allied lacks sufficient information to
11  admit or deny and on that basis denies.

12   30.   In answering this paragraph, Allied denies.

13   31.   In answering this paragraph, Allied denies.

14   32.   In answering this paragraph, Allied denies.

15   33.   In answering this paragraph, Allied denies.

16   34.   In answering this paragraph, Allied denies.

17   35.   In answering this paragraph, Allied can neither admit or deny
18  Plaintiff's "intentions."

19   36.   In answering this paragraph, Allied denies.

**ANSWER TO FIRST CAUSE OF ACTION**

21   37.   Allied incorporates Paragraphs 1 through 36 of this Answer, as if
22  fully restated here.

23   38.   In answering this paragraph, Allied admits it failed to state that
24  Allied was "attempting to collect a debt and that any information obtained will
25  be used for that purpose," but denies that it violated the FDCPA. The
26  remaining allegations are legal conclusions to which no factual response is
27  required. To the extent a response is required, Allied denies.

28   39.   In answering this paragraph, Allied denies.

## ANSWER TO SECOND CAUSE OF ACTION

40. Allied incorporates Paragraphs 1 through 39 of this Answer, as if fully restated here.

41. In answering this paragraph, Allied denies.

42. In answering this paragraph, Allied denies.

43. In answering this paragraph, Allied alleges that this paragraph contains legal conclusions to which no factual response is required. To the extent a response is required, Allied denies.

44. In answering this paragraph, Allied denies.

## AFFIRMATIVE DEFENSE

Without assuming the burden of proof on any issue, Allied alleges that Plaintiff's complaint is subject to the following affirmative defense:

## BONA FIDE ERROR

Allied alleges that Plaintiff's claims are barred on the basis that any statutory violation was the unintentional result of a bona fide error. Allied maintains reasonable procedures to prevent the error that occurred in this case. Allied's policy is that all consumer collection letters must comply with the FDCPA, including by containing the "mini-Miranda" disclosure at issue in this case. In May 2015, Allied launched a new program for its client, Jefferson Capital Systems, LLC ("Jefferson Capital"). Allied's pre-existing letter contained the following language in the second paragraph: "We are a debt collection company and our client, Jefferson Capital Systems, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose." Jefferson Capital requested that the first sentence of that paragraph be replaced with the following sentence: "Please be advised that your above referenced Verizon Wireless account has been acquired by our client Jefferson Capital Systems, LLC, your current creditor, and placed with us for collection efforts." All

requests to change a consumer letter must be reviewed by Allied's Compliance Department to ensure any changes continue to comply with the FDCPA. Pursuant to that policy, a member of Allied's Operations Team sent to Allied's Compliance Department a request to implement this change, and a sample letter with the first sentence circled so as to clearly indicate the specific sentence that should be replaced. Because this change did not create any FDCPA compliance issues, the request was approved by Allied's Compliance Department. When the change was implemented, however, not only was the first sentence removed, but the second sentence, which contained the FDCPA-required mini-Miranda warning, was inadvertently removed as well. Removing the second sentence was a clerical mistake when generating the revised letter.

**PRAYER FOR RELIEF**

WHEREFORE, Allied denies all allegations in Plaintiff's prayer (Paragraphs 1-6) and prays for relief as follows:

1. That Plaintiff take nothing by way of his complaint;
2. For a judgment of dismissal with prejudice;
3. For costs of suit; and
4. For any other relief the Court deems just.

Respectfully submitted,

Dated: January 29, 2016          KATTEN MUCHIN ROSENMAN LLP

By:      /s/ Gregory S. Korman
     Attorneys for Defendant Allied Interstate, LLC

# CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED THAT:**

I, Gregory S. Korman, am a citizen of the United States over the age of eighteen years and a resident of Los Angeles, California. My business address is 2029 Century Park East, Suite 2600, Los Angeles, California 90067. I have caused service of: **DEFENDANT ALLIED INTERSTATE, LLC'S AMENDED ANSWER TO COMPLAINT** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which will send notification of such filing to the following email addresses:

<u>Counsel for Rabi Youssofi</u>
Jared M. Hartman – jared@sandiegoconsumerattorneys.com
Asil Marshiri – alexmashiri@yahoo.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 29, 2016                 /s/ Gregory S. Korman